## TOWNER a. CHURCH.

*Supreme Court, First District; General Term, November,* 1855.

### ATTACHMENT.—NON-RESIDENCE.

A person who carries on, within the city of New York, a regular and systematized business, and who, in the course of his occupation, spends his time during the regular business hours of the business days of the week in the city, keeping his bank account there, and there in good faith conducting all his business transactions, is not a non-resident within the meaning of the attachment laws; although his family reside in another State, and he himself spends his Sundays, or even all his nights with them.

Appeal from an order refusing to set aside an attachment.

MITCHELL, J.—The affidavits show that the defendant had resided with his family in this city, and done business here for a number of years, until about May last, when he and his family removed to New Haven, in Connecticut; and that after that he and they called that his residence. They also show that he still continued to keep rooms in this city, where he boarded and lodged all the week, except that on Saturday he left this city and went to New Haven, where he remained with his family until Monday morning, when he returned again to this city; and that he remained here the rest of the week, day and night, attending to business. It is very certain that if the converse of this case were proved, and it were shown that Mr. Church was never here except on Saturday evening, early on Monday morning, and on Sundays, it would be held that he was not a resident of this State in the sense of our attachment laws; to be such a resident his abiding here must be such as to subject him readily to the process of our courts; his regular and continued absence in the case supposed, except at the exact periods when it would be unlawful to serve process on him or difficult to do so, would be deemed to exclude him from the rights of a resident, so far as those laws are concerned. It would follow that courts administering law in Connecticut on the same principle as we do here, would hold him a non-resident of that State so far as attachment laws are concerned, and

a resident of this State. On the same principle, and to be consistent with the adjudications of our courts, we must hold that the defendant is a resident of this State and not of Connecticut, within the meaning of our attachment laws. Notwithstanding this, the defendant's residence, so far as the right to vote is concerned, or for the purposes of administration on his estate in case of his decease, may be in Connecticut, and he may properly call himself, for those reasons, a resident of that State. The order refusing to discharge the attachment is reversed without costs, the defendant to stipulate not to bring any action on account of the attachment. This stipulation is proper, as his language, and that of his friends, naturally misled the plaintiff.

COWLES, J.—I concur in the reasoning and conclusions of my brother Mitchell in this case. Whenever a person carries on a regular and systematized business in this city, in which he has invested his working capital, whether such business be mercantile, manufacturing, or professional, and in such occupation or business here, spends his time at least during the regular business hours of the day, having not only his stock in business or trade here invested, but his bank account, if he kept one, kept here too, and particularly if all his ordinary business transactions take place here; such person, in my judgment, fails to come within the fair intent and meaning of our attachment laws, although his family may be actually residing in New Jersey or Connecticut, or any other State other than this, and he himself even passes all of his nights with his family. This rule would apply to all those who transact their entire business in this city, but make an adjoining State merely a place of residence for their families; and there are thousand such doing business in this city.

Process in these cases either against the person or property is as easily served as against one whose family resides on this Island. But such business, to protect the party, should be *bona fide* and real. ⁴ A bank account, if kept by such party, should be kept here, and the whole general course of the party's business be essentially the same as that of any one actually a citizen, engaged in business here. When such is the case,

attachments should not be granted, and can never become requisite.

The order refusing to set aside the attachment should be reversed, and the attachment discharged on the terms proposed by Mr. Justice Mitchell.